

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 9:20-CR-20** |
| | § | |
| **DEMETRIO HERNANDEZ** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e).  The United

States alleges that the defendant, Demetrio Hernandez, violated conditions of supervised release

imposed by Senior United States District Judge Robert C. Brack.  The United States Probation

Office filed its Petition for Warrant or Summons for Offender Under Supervision (doc. #10)

requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on April 27, 2021, in accordance with Federal Rules of

Criminal Procedure 11, 32 and 32.1.  The defendant was present and represented by counsel at

the hearing.  Having heard the evidence, this court factually finds that the defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### **A. Procedural History**

On October 29, 2019, The Honorable Robert C. Brack of the District of New Mexico sentenced the defendant after he pled guilty to the offense of Conspiracy to Transport Illegal Alien, a Class C felony.  Judge Brack sentenced Mr. Hernandez to 211 days or time served, to be followed by a three (3) year term of supervised release, subject to the standard conditions of release, plus special conditions to include: alcohol abstinence; 80 hours of community service; outpatient substance abuse treatment; substance abuse testing; participation in educational or vocational services program; submit to searches; and, participation in a domestic violence program.  On

October 29, 2019, Demetrio Hernandez completed his period of imprisonment and began service of the supervision term.

On February 8, 2020, the Court in the District of New Mexico granted a modification of Mr. Hernandez's conditions of supervised release to include a mental health treatment condition.

On April 9, 2020, jurisdiction of the instant case was transferred to the United States District Court for the Eastern District of Texas.  The case is assigned to the docket of Senior United States District Judge Ron Clark.  On September 24, 2020, Judge Clark modified Mr. Hernandez's conditions of supervised release to include 180 days placement on a curfew under the direction of the United States Probation Office.

### B. Allegations in Petition

The United States alleges that the defendant violated a special condition of supervised release as follows:

*As directed by the U.S. Probation Office, you are to be placed on curfew for a period of 180 days, to commence immediately.  You are restricted to your residence every day from 9:00 p.m. to 6:00 a.m., or as directed by the probation officer for employment purposes and/or program compliance.  You shall follow all the program rules.  At the direction of the probation officer, you must wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.  You are to pay the cost associated with the electronic monitoring program.*

On January 17, 2021, Mr. Hernandez left his residence without the permission of the probation officer.  He was issued a written reprimand and reminded that he must abide by his curfew.

### C.  Evidence presented at Hearing

At the hearing, the Government proffered evidence showing that as a condition of his supervision conditions, Mr. Hernandez was directed to abide by a curfew.  The evidence would further show that on January 17, 2021, he left his residence outside of the curfew hours without the permission of his probation officer.

Defendant offered a plea of true to the allegation in the petition that he left his residence outside of the curfew hours in violation of his supervision conditions.  He also allocated to the Court regarding the circumstances leading to his curfew violation.

### D.  Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by violating his curfew.

If the Court finds that Mr. Hernandez violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a).  Upon finding a Grade C violation, the Court may revoke the defendant's supervised release.  *See* U.S.S.G. § 7B1.3(a)(2); *see also* 18 U.S.C. § 3583(e).  The Court may also modify the current term of supervision.  *See id.*

Based upon the defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months.  *See* U.S.S.G. § 7B1.4(a).  Because the original offense of conviction was a Class C felony,

the statutory maximum imprisonment term upon revocation is two (2) years.  *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only.  *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).  Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release, the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001); *see also U.S. Sentencing Guideline Manual*, Ch. 7, pt. A, cmt. 1.  Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable.  *Id.  See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

At the revocation hearing, the parties could not reach an agreement on the appropriate sentence for the supervised release violation.  Mr. Hernandez did plead true and agreed that he violated his supervised release.  He argued for a sentence lower than recommended by the Guidelines of one (1) or two (2) months, in essence seeking a sentence of time served since his arrest on the petition.  In support, Hernandez explained that his grandmother is terminally ill with less than six (6) months to live and she is dependent upon him for help and care.  He accepted responsibility for his failure to comply with the curfew and apologized to the Court.  His detailed statement is part of the record of the hearing.

The Government requested that the Court recommend a sentence within the range recommended by the Guidelines. The United States Probation Office recommended a sentence of twelve (12) months. This recommendation is set forth in further detail in as stated in Probation's supervised release sentencing options and justification submitted to the Court and the defendant.

After considering the circumstances of the case and the arguments and evidence presented, the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release with the Grade C violation as stated *supra*. In reaching a decision on an appropriate sentence, the Court considers Mr. Hernandez's criminal history, the admitted violation, and the need for any sentence to reflect the seriousness of the violation, to afford deterrence of criminal conduct, to protect the public, and provide the defendant with necessary training and treatment. *See* 18 U.S.C. §§ 3583(c) and 3553(a)(1) (sentencing factors). The applicable statute, 18 U.S.C. § 3583(e), and the Guidelines provide authority to revoke the supervision based on the violation.

Considering the evidence of this case and the admitted violation, the Court finds it appropriate to revoke Mr. Hernandez's supervised release and sentence him to a term of imprisonment at the low end of the Guideline Range. The undersigned certainly understands Mr. Hernandez's concern for getting back to his grandmother to aid in her care and spend time with her. The undersigned also appreciates his acceptance of responsibility and explanation for his violations. The Court's review of the record as a whole, however, does not justify a downward departure to the extent that Mr. Hernandez is requesting. The record shows that the Probation

Office was willing to work with Mr. Hernandez to encourage compliance with his conditions of supervision upon transfer to the Eastern District of Texas.  This included adjusting the requirements of his mental health treatment program to account for the defendant's lack of transportation.  Despite accommodations, he still missed several treatment appointments.  There is also record evidence indicating that Mr. Hernandez violated his curfew on more than one occasion despite reprimands for doing so.

The Court must also consider the defendant's criminal history and recidivism.  Mr. Hernandez's original sentence for the conviction in this case was seven (7) months, which amounted to time served.  The statutory maximum for the offense of conviction was ten (10) years.  Hernandez was released from the time served sentence and immediately began to have problems with his supervision conditions.  As noted above, the Probation Office was willing to work with him, obtaining modifications from the Court as opposed to seeking revocations initially.  Hernandez admittedly failed to abide by the directives of Probation.  The governing statutes and the Guidelines afford the Court the authority to impose a term of prison in response to that conduct.  In sum, while the Court certainly empathizes with Mr. Hernandez's family circumstances and appreciates his candor, the relevant factors do not support a downward departure to a sentence below the Guideline range.  A sentence at the low end of the Guideline range is appropriate for the violation of supervision conditions.

Based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge therefore recommends that the District Court accept the plea of true and revoke Defendant's supervised release.  Considering the applicable sentencing factors, the defendant's

history, and the evidence presented, the undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **five (5) months imprisonment** on the supervised release revocation, with no supervised release to follow and credit for any time due since his arrest on the petition to revoke.

## **OBJECTIONS**

Objections must be:  (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from:  (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.  *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 10th day of May, 2021.**

-8-

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE